FILED

2018 DEC 17 PM 2: 56

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
-------------------------------------------------------------X
TAYLOR LAFFEY,

    Civil No: 3:18-cv-1486-J-20JRK

    Plaintiff,

    COMPLAINT FOR
    VIOLATIONS OF THE
    TELEPHONE CONSUMER
    PROTECTION ACT and
    FLORIDA CONSUMER
    COLLECTION PROTECTION
    ACT

-against-

    DEMAND FOR JURY TRIAL

JPMORGAN CHASE & COMPANY

    Defendant.
-------------------------------------------------------------X

Plaintiff TAYLOR LAFFEY, ("Plaintiff"), by and through her undersigned attorneys brings this Complaint against the Defendant JPMORGAN CHASE & COMPANY (hereinafter referred to as "Defendant" or "Chase"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiffs brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent. Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and

elderly out of bed; they hound us until we want to rip the telephone out of the wall." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing*, 137 Cong. Rec. 30,821 (1991).

3. Even if prior consent was given, a consumer has a right to revoke that consent. *See, Gager v. Dell Financial Services, LLC*, 727 F.3d 265 (3rd Cir. 2013).

4. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See*, PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## PARTIES

5. Plaintiff is a natural person who resides in Duval County, Florida.

6. Defendant is a national bank with its headquarters located at 270 Park Avenue, New York, New York 10017.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, Defendant began its campaign of communicating with via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling Plaintiffs cellular telephone phone number of (352) 327-1298 on dozens of occasions.

11. Defendant called from multiple numbers including but not limited to, 407-732-2415, 847-426-9209, 214-520-0004, 602-221-1003, 813-372-1900, 602-253-6722, 847-426-9145, 210-520-0004.

12. Upon information and belief, Defendant was calling Plaintiff in an attempt to collect a consumer debt.

13. Plaintiff is the customary and sole user of the cellular phone number (352) 327-1298, and has been the customary and sole user of that phone number at all times relevant hereto.

14. Plaintiff on multiple occasions told the Defendant to stop her cellular telephone, including on or around March of 2018.

15. On the March 2018 phone call, Plaintiff called Chase and requested several times

that her phone number be removed from any call list. Chase responded that the do not call request was successful and that she would not be receiving any more calls.

16. Despite Plaintiff's requests for the calls to stop, Defendant continued to call Plaintiff's cellular telephone with an automated telephone dialing system and with pre-recorded messages.

17. Defendant's use of an automated telephone dialing system was further clearly indicated by the fact that no customer service representative was on the line immediately when the Plaintiff would answer the Defendant's calls and because Defendant left pre-recorded voicemails on the Plaintiffs phone.

18. By placing auto-dialed phone calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.

19. Plaintiff suffered actual damages because the Defendant's calls to their cell phone deprived him of the use of his cellular phone during the times that the Defendant was calling their cellular phones, depleted battery life of the cellular telephone, and by invading on the Plaintiffs' right to privacy and seclusion (the very harm that Congress sought to prevent).

20. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls further interrupted the Plaintiff day and wasted the Plaintiff time spent answering and otherwise addressing these repeated phone calls.

21. Defendant's communication efforts attempted and/or directed towards the Plaintiff

violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

22. Defendant's communication efforts attempted and/or directed towards the Plaintiff further violated various provisions of the Florida Consumer Collection Protection Act ("FCCPA")

23. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## COUNT I – VIOLATIONS OF FCCPA §559.72(7)

24. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

25. The FCCPA §559.72(7) states:

"In collecting debts, no person shall . . . .

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

26. The Defendant has on many occasions called Plaintiff by telephone directly, multiple times a day, attempting to collect an alleged debt. By virtue of having to handle debt collection calls to Plaintiff's cellular phone multiple times a day, Plaintiff has been harassed and these calls have caused unnecessary strain, burden, and emotional distress upon Plaintiff and Plaintiff's family.

27. Defendant's actions of calling Plaintiff continuously and regularly day after day, multiple times a day, reasonably can be expected to have the natural consequences of harassing Plaintiff which was the intent of the Defendant in order to elicit payment from Plaintiff for the Debt.

28. Defendant, through its agents, representative and/or employees acting within the scope of their authority knowingly violated the FCCPA.

29. As a result of the above violations, Plaintiff is entitled to recovery for actual damage, statutory damage of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs.

## COUNT II – VIOLATIONS OF THE TCPA

30. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) *et seq*.

32. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq*. Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

33. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq*. Plaintiff is entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## DEMAND FOR TRIAL BY JURY

34. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the

Defendants as follows:

    A. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all phone calls placed to the Plaintiff's cellular phone;

    B. Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiffs per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

    C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: December 13, 2018

Respectfully submitted,

By: /s/ Jon P. Dubbeld
Jon P. Dubbeld, Esq.
Swift, Isringhaus & Dubbeld, P.A.
10460 Roosevelt Blvd N., Suite 313
St. Petersburg, FL 33716
Tel: (727) 490-9919
Email: j.dubbeld@law.fcsl.edu
Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 13, 2018

By: /s/ Jon P. Dubbeld